IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOSEPH HOWARD ORTKIESE | ) |
| | ) |
| v. | ) Case No. 3:25-cv-00984 |
| | ) |
| CHARLIE SCHAERER et al. | ) |

**TO:** Honorable William L. Campbell, Jr., Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 3, 2026 (Docket Entry No. 25), the Court referred this *pro se* action to the Magistrate Judge for consideration of all pretrial matters under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure.

Presently pending is the motion to dismiss (Docket Entry No. 14) filed by Defendant Mark Raines, individually and in his capacity as the attorney for the Town of Jasper, Tennessee. Plaintiff has responded in opposition to the motion.[1] For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** to the extent that it raises an improper venue defense but that this action be transferred to the Eastern District of Tennessee in lieu of dismissal.

## I.  BACKGROUND

Joseph Howard Ortkiese ("Plaintiff") filed this *pro se* lawsuit on August 29, 2025, and later amended his complaint. *See* Complaint (Docket Entry No. 1) and Amended Complaint (Docket

---

[1] Defendant Raines filed a motion to dismiss (Docket Entry No. 12), which omitted Plaintiff from the certificate of service for the motion, and then filed an amended motion to dismiss (Docket Entry No. 14) to correct the omission. Accordingly, the Court views the most recent version as the actual pending motion.

Entry No. 7). Although Plaintiff filed an application to proceed *in forma pauperis*, the Court denied the application. *See* December 15, 2025, Order (Docket Entry No. 21). Plaintiff subsequently paid the filing fee.

Plaintiff alleges that he has a legal interest in a parcel of land located in Guild, Tennessee, and that "Defendant(s) named within this cause have, since September 2001, sought to illegally deprive Plaintiff of his property, a 5-acre parcel of land located on Hales Bar Rd, Guild, TN described within the Deed of Trust last recorded Volume 288, page 443, Register's Office of Marion County, TN." *See* Amended Complaint at 3. Asserting various wrongdoings, Plaintiff alleges that his federal, civil rights have been violated and seeks relief under 42 U.S.C. § 1983. Named as defendants are: the City of Jasper, Tennessee; Marion County, Tennessee; Mark Raines, the city attorney for Jasper, Tennessee; the county attorney, county clerk, county clerk & master, assessor of property, and trustee for Marion County, Tennessee; a husband and wife living in Guild, Tennessee; a husband and wife living in Valley Head, Alabama; and a marina located in Guild, Tennessee. Although summons have not yet been issued in the case, Defendant Raines has filed the pending motion to dismiss and a notice of appearance has been filed on behalf of Defendant Marion County. *See* Docket Entry No 24.

By his motion to dismiss, Defendant Raines seeks dismissal under Rules 12(b)(3) and (6) of the Federal Rules of Civil Procedure. He argues that the Middle District of Tennessee does not have venue over the lawsuit because the case involves claims related to property in Marion County, Tennessee, which is in the Eastern District of Tennessee. He further argues that dismissal of the claims against him is warranted under Rule 12(b)(6) because Plaintiff's allegation

2

fail to support claims upon which relief can be granted against him. Finally, he raises a qualified immunity defense. *See* Memorandum in Support (Docket Entry No. 15).

In response to the motion, Plaintiff asserts that venue in the Middle District is proper because the Middle District is where he resides, because "the money exchanged to purchase the investment property was generated" within the Middle District, and because a bank located and operated in the Middle District is a "secondary victim." *See* Response at 2. He further argues that Defendant Raines has misrepresented his claims and that his "allegation of felonious fraud, public corruption, and various prosecutable crimes should not be dismissed." *Id*. at 1.

Defendant Raines replies that Plaintiff has waived opposition to many of the dismissal arguments set out in the motion because he has not addressed those arguments and that nothing set out in Plaintiff's response rebuts the improper venue argument. *See* Reply (Docket Entry No. 19).

## II. ANALYSIS AND CONCLUSION

Venue generally refers to the location of the proper district court for the litigation of a civil action over which the court has subject matter jurisdiction. *See* 28 U.S.C. § 1390(a). Under 28 U.S.C. § 1391(b), a federal civil action may be brought in (1) a judicial district in which any defendant resides if all the defendants reside in the State where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or, (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. A court considering the issue of venue must initially determine whether the case falls within one of

these three categories. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).

Rule 12(b)(3) allows a defendant to move to dismiss the complaint for improper venue. *Canal Ins. Co. v. Schaefer*, No. 3:23-CV-01059, 2024 WL 666490, at *2 (M.D.Tenn. Feb. 16, 2024) (internal citation omitted). After a defendant challenges venue, "it is the plaintiff's burden to show that venue is proper." *Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F.Supp.3d 558, 569 (M.D.Tenn. 2020) (internal citation omitted). When considering a Rule 12(b)(3) motion to dismiss for improper venue, "the court may examine facts outside of the complaint but 'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Receiver of assets of Mid-Am. Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 891 (M.D. Tenn. 2010) (internal citation omitted).

After reviewing the pertinent filings, the Court finds that Plaintiff has not satisfied his burden of showing that the Middle District of Tennessee has venue over his lawsuit. The only assertion made by Plaintiff in his pleadings for why venue is proper in the Middle District is that he resides within the Middle District of Tennessee. *See* Amended Complaint at 3, ¶ 5. However, a plaintiff's residency is not determinative of venue under Section 1391(b). *See Lea v. United States Dep't of Agric.*, No. 23-5169, 2024 WL 841436 at *3 (6th Cir. Feb. 28, 2024) ("the venue statute makes the residency of the defendants (not the plaintiffs) matter. . . . So [the plaintiff's] current domicile is beside the point."). Further, Plaintiff has not argued, let alone shown, that any of the venue factors set out in Section 1391(b) create venue in the Middle District. Finally, the factual allegations of the complaint fail to set out any events occurring in the Middel District and it is clearly apparent that the crux of this lawsuit involves property located in Marion

4

County, Tennessee, and involves events that occurred in Marion County, which is located within the Eastern District of Tennessee. *See* 28 U.S.C. § 123(a).

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision under Section 1406(a) of whether to dismiss a case for improper venue or to transfer the case lies within the discretion of the Court. *See First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998); *Receiver of assets of Mid-Am. Energy, Inc. v. Coffman*, 719 F.Supp.2d 884, 891 (M.D.Tenn. 2010) (internal citation omitted).

Although Defendant Raines requests the dismissal of the case because of improper venue, the Court finds that, given Plaintiff's *pro se* status and the context of the case, it is in the interest of justice to transfer the case to the Eastern District of Tennessee, where it could have and should have been brought in the first instance

## R E C O M E N D A T I O N

For the reasons set out above, the undersigned respectfully **RECOMMENDS** that Defendant Raines' motion to dismiss (Docket Entry No. 14) be **GRANTED** in part to the extent that the motion raises the issue of improper. However, the Court finds that dismissal of the lawsuit is not warranted and that the lawsuit should instead be **TRANSFERRED** to the Eastern District of Tennessee.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule

72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

**Signed By:**
***J. Gregory Wehrman*** *J.G.W.*
**United States Magistrate Judge**